# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR AN ORDER AUTHORIZING THE ) | No. 5:22-mj-5246 |
| INSTALLATION AND USE OF ) | |
| SURVEILLANCE CAMERAS ) | |

\* \* \* \* \*

## APPLICATION

1. The United States of America, by counsel, Assistant United States Attorney Roger West, moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the installation of and use for ninety days of surveillance cameras on the utility poles as identified below; (2) orders that LG&E/Kentucky Utilities, and their agents and employees, make no disclosure of the existence of the application and order for the installation of the surveillance cameras unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. The United States seeks an order authorizing the installation and use of surveillance cameras on a utility pole maintained by LG&E/Kentucky Utilities, located near 445 Delcamp Dr, Lexington, Fayette County, Kentucky, 40508. The location was confirmed by FBI TFO Matt Evans. Poles are located near the public sidewalks on Delcamp Dr, near the residence 445 Delcamp Dr, Lexington, Kentucky. Attachment A to this Application contains an image of the property and surrounding area obtained by FBI Special Agent Isaac Robinson.  FBI TFO Matt Evans has personally viewed the pole and

surrounding area. The image provided is a fair and accurate representation of 445 Delcamp Dr., Lexington, Kentucky, 40508 and the surrounding area. (See Attachment)

3. In support of this Application, the United States submits the following, which is based on information collected during investigation by law enforcement. Special agents and task force officers from the Federal Bureau of Investigation (FBI) are investigating Sean Richardson and others, for suspected trafficking in controlled substances. Based on this investigation, law enforcement has determined that Richardson is likely using this location in part to facilitate the trafficking of controlled substances.

4. The information set forth below was provided by TFO Matt Evans and other law enforcement officers. It is not meant to be a complete recitation of the facts spanning the entire investigation, and is to be used only to establish that the authorization of the pole cameras is necessary and material to the on-going investigation.

5. Your affiant knows Cecilia Aguirre well and arrested her husband, Adalberto Santos, in 2019. Santos was the leader of a large cocaine trafficking operation and your affiant seized several kilograms of cocaine from Santos as well as over $250,000 cash. Santos was sentenced to a lengthy federal prison sentence. Your affiant believes that Aguirre and Efren Huicochea have recently gotten married. Huicochea and Aguirre are living together at 3501 Bold Bidder and law enforcement investigators during surveillance have observed both of them coming and going from this residence on numerous occasions.

6. On May 26, 2022, your affiant was conducting surveillance on Sean Richardson and followed him to his restaurant at 1474 Anniston Drive. Richardson was

met there by Efren Huicochea who was driving his 2018 white Nissan Maxima bearing, Kentucky registration A8N698. Richardson, Huicochea, and Michael George Williams were together in the restaurant for a couple of hours. On multiple occasions, Huicochea stepped outside to speak on his cell phone. It is your affiant's opinion that Huicochea and Richardson were waiting for a drug delivery. At approximately 1845 hours Huicochea left in the Nissan. At approximately 1915 hours he returned and walked into the restaurant. Huicochea and Richardson were inside for approximately 10 minutes before they locked up the restaurant and left in tandem. Your affiant followed them away and they traveled to a residence known by your affiant and other law enforcement officers to be Richardson's stash house at 445 Delcamp Drive. Your affiant was not able to see Huicochea and Richardson exit their vehicles, but they were observed inside 445 Delcamp Drive for a few minutes before being observed leaving the residence.

    7. It is your affiant's opinion that Huicochea and Richardson were dropping off narcotics at 445 Delcamp Drive. After the brief stop at 445 Delcamp, Richardson and Huicochea left the area. Your affiant followed Richardson who drove around aimlessly for several minutes before returning to 445 Delcamp Drive where he drove past slowly twice without stopping or exiting his vehicle. Your affiant believes this driving was counter surveillance by Richardson to determine whether or not there was law enforcement surveillance. Richardson then left the area and returned at approximately 2200 hours. Richardson stayed until approximately 0115 hours on 05/27/2022 when he left and went to 193 Lucille Drive.

8. After the surveillance of this meeting with Richardson and Huicochea your affiant is confident that Huicochea is still supplying Richardson with massive amounts of cocaine. Since this meeting your affiant has had a cooperating individual (CI 2) speak with Richardson. Richardson advised CI 2 that Huicochea is still supplying Richardson with cocaine and has been doing so for several years. During the last week of May 2022, Richardson advised CI2 that he had kilograms of cocaine for sale and they were $30,000 each. Richardson advised that he was never out and that if a customer purchased multiple kilograms at a time he could sell them for $27,000 each.

9. On June 18, 2022, law enforcement investigative activity revealed that Richardson and Huicochea again visited the Delcamp stash house. The investigation on that day determined that they were at the stash for a short period of time. These short visits are consistent with dropping off or picking up amounts of controlled substances for distribution.

It is clear from this ongoing investigation including surveillance that your affiant has established that Richardson continues to use his GMC van, Dodge Challenger and that Huicochea is using his 2018 Nissan Maxima to facilitate their drug trafficking activities. Richardson has for the most part been driving his GMC van, but he keeps his 2014 Dodge Challenger parked at 445 Delcamp Drive as an alternate vehicle to be switched out as needed.

10. Based on your affiants' experience, training, and knowledge that it is very difficult and often counterproductive to try to follow some of the surveillance conscious significant drug traffickers. It is especially difficult to conduct physical surveillance on

subjects who have been previously investigated and arrested by law enforcement for drug trafficking crimes, as both Richardson and Huicochea have been so arrested. Both Richardson and Huicochea are very surveillance savvy and extremely difficult to nearly impossible to follow without being observed.

   11.  It is also very difficult to conduct surveillance on Delcamp Drive which is only a couple of blocks long. There is no reasonable expectation of privacy in the area surrounding 445 Delcamp Drive, Lexington Ky.

Your affiant has established probable cause to believe that Sean Richardson is using his residence at 445 Delcamp Drive to facilitate his illegal drug trafficking operations. He is using his vehicles to transport cocaine and currency which are proceeds from his illegal trafficking operation. This pole camera will only record that which is observable to the public in the area. The video surveillance footage may also be used to develop potential co-conspirators and may also be used to support affidavits for search warrants for other locations for drugs, drug paraphernalia, drug records, or proceeds of the drug activities.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A) authorizes the installation and use for ninety (90) days of surveillance cameras and other equipment necessary for its operation on a utility pole maintained by LG&E/Kentucky
Utilities, located near 445 Delcamp Dr, Lexington, Fayette County, Kentucky, 40508. The surveillance cameras shall not record audio;

(B) orders that LG&E/Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C) seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the \_\_\_\_ day of July, 2022.

Respectfully submitted,

| /s/ Matt Evans | /s/ Roger West |
|---|---|
| Matt Evans | Roger West |
| FBI Task Force Officer | Assistant United States Attorney |

Attested to by applicants per FRCrP 4.1 by reliable electronic means on this 1st day of July, 2022.

HON. MATTHEW A. STINNETT
U.S. MAGISTRATE JUDGE